# EXHIBIT A

# COMPLAINT AND JURY DEMAND

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION—CIVIL ACTIONS BRANCH

**Thomas J. Alston**
4020 Southern Ave SE
Washington, DC 20020

    Plaintiff,

v.

Case No: 2023-CAB-001323

**FactorTrust, Inc.**
251 Little Falls Drive
Wilmington, DE 19808

**AWL, Inc.**
1313 Gore Blvd,
Lawton, OK 73501

**NISWI**
13520 California Street
Suite 290
Omaha, NE 68154

**Makes Cents, Inc.**
217 3RD Ave NE
Parshall, ND, 58770

    Defendants.

## COMPLAINT AND JURY DEMAND

Plaintiff, Thomas Alston, files suit against defendants and alleges as follows:

### PRELIMINARY STATEMENT

1. Plaintiff sues the Defendants under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. 1681 et al. and the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691 et al.

### PARTIES TO THIS ACTION

2. The plaintiff lives in the District of Columbia.

3. FactorTrust, Inc. ("FactorTrust") is owned by Trans Union and collects loan performance information on nonprime consumers to provide predictive credit data, analytics and

1

risk scoring solutions to short- term lenders, installment lenders, nonprime auto lenders (and leasing companies) and other subprime credit providers.

4. American Web Loan ("AWL") is in the business of Consumer Finance and is a tribal lending entity wholly owned by the Otoe-Missouria Tribe of Indians, a sovereign nation located within the United States.

5. NISWI dba Lendumo ("Lendumo") is a FinTech company that specializes in lending expensive, short-term money to small businesses and an instrumentality of the Lac du Flambeau Bank of Lake Superior Chippewa Indians, a federally recognized sovereign Indian nation.

6. Makes Cents, Inc. dba MaxLend ("MaxLend") offers installment loans as an alternative payday solution and an instrumentality of Mandan, Hidatsa, and Arikara Nation, a federally recognized sovereign American Indian tribe.

## FACTUAL ALLEGATIONS

7. On February 9, 2023, the Plaintiff was denied a loan from Upgrade, Inc.

8. Upgrade, Inc. issued a denial letter that same date and the letter stated Plaintiff's loan was denied due to a high number of recent inquiries on alternative credit file. High number of recent inquiries on alternative credit file.

9. The letter further identified FactorTrust as a credit file that Ugrade, Inc. relied upon when it determined that Plaintiff's application would be denied.

10. The next day the Plaintiff requested his credit file from FactorTrust.

11. Appearing on the FactorTrust credit file were three inquiries—from AWL on November 25, 2022 and October 28, 2022 and Lendumo and MaxLend on October 28, 2022—that Plaintiff did not authorize.

12. Plaintiff did not apply for credit with AWL, and he does not have an account with AWL. Nor is AWL a debt collector that is collecting a debt owed by Plaintiff to some creditor.

2

13. Plaintiff did not apply for credit with Lendumo, and he does not have an account with Lendumo. Nor is Lendumo a debt collector collecting a debt owed by Plaintiff.

14. Plaintiff did not apply for credit with MaxLend, and he does not have an account with MaxLend. Nor is MaxLend a debt collector that is collecting a debt owed by Plaintiff to some creditor.

15. Additionally, the Plaintiff did not authorize *any* entity that is affiliated with alternative lending options to access Plaintiff's credit file or conduct a credit inquiry that would be visible and/or disclosed to other third parties.

16. FactorTrust released Plaintiff's credit report to AWL without requiring AWL to establish that there was a permissible purpose to obtain his credit report.

17. FactorTrust released Plaintiff's credit report to Lendumo without requiring Lendumo to establish that there was a permissible purpose to obtain his credit report.

18. FactorTrust released Plaintiff's credit report to MaxLend without requiring MaxLend to establish that there was a permissible purpose to obtain his credit report.

19. On numerous occasions in the past AWL, Lendumo and MaxLend have requested and obtained credit reports from FactorTrust for impermissible purposes, including but not limited to marketing, research and soliciting.

20. FactorTrust knows that AWL, Lendumo and MaxLend have a pattern of requesting credit reports from consumers for purposes not permitted under the FCRA.

21. Plaintiff was not offered a loan by AWL, Lendumo or MaxLend.

22. If Plaintiff applied for credit with any of the foregoing defendants, Plaintiff applied on the basis that credit inquiry would not be disclosed to other third parties.

23. To the extent AWL, Lendumo or MaxLend received such an application from Plaintiff, they denied Plaintiff's application.

3

24. After denying such credit application(s), the Defendants failed to timely provide a statement of specific reasons for denying him credit and/or failed to disclose Plaintiff's credit score.

## COUNT ONE: VIOLATIONS OF 15 U.S.C. § 1681b
(as to defendants AWL, Lendumo and MaxLend)

25. Plaintiff incorporates paragraphs 1 through 25.

26. Defendants violated 15 U.S.C. § 1681b(f) by obtaining Plaintiff's consumer report(s) for a purpose that is not authorized or permitted under the FCRA.

27. Defendants violated 15 U.S.C. § 1681b(q) by falsely representing its true purpose for obtaining Plaintiff's consumer report(s).

28. Defendants' actions were intentional or reckless, both which amount to a willful violation, rendering Defendants liable pursuant to 15 U.S.C. § 1681n. Alternatively, Defendants were negligent, which entitled Plaintiff to recover under 15 U.S.C. § 1681o.

29. As a result of Defendants' violations, Plaintiff suffered actual damages, including but not limited to: intrusion of privacy, damage to credit profile and financial reputation, and the attendant mental anguish and emotional distress of dealing with damaged credit.

30. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendant pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT TWO: VIOLATION OF 15 U.S.C. § 1681e(a)
(as to defendant FactorTrust)

31. Plaintiff incorporates paragraphs 1 through 30.

32. Plaintiff does not have any unpaid debts that are in collection status.

33. FactorTrust released Plaintiff's report to AWL, Lendumo and MaxLend.

34. AWL, Lendumo and MaxLend had no legitimate reasons to obtain Plaintiff's report.

35. FactorTrust released Plaintiff's report despite knowing that AWL, Lendumo and MaxLend did not have a legitimate reason to obtain Plaintiff's credit report.

4

36. Further, FactorTrust did not require AWL, Lendumo and MaxLend to certify that they had a permissible purpose to obtain Plaintiff's report before releasing the reports.

37. Upon information and belief, FactorTrust does not require its subscribers to certify their reasons to seek consumer credit reports or FactorTrust requires a one-time blanket certification that is often several years old, and that Defendant knows, or has reason to suspect, the certification does not represent the subscribers true and current reason for requesting the consumer's report.

38. Defendant FactorTrust violated § 1681e(a) by failing to maintain reasonable procedures designed to avoid furnishing Plaintiff's credit report to AWL, Lendumo and MaxLend for an impermissible purpose.

39. As a result of Defendant's violations of § 1681e(a), Plaintiff suffered actual damages, including but not limited to: pecuniary costs, mental anguish and emotional distress.

40. The violation by Defendant was willful, rendering Defendant liable for punitive damages pursuant to 15 U.S.C. § 1681n. In the alternative, Defendant was negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

41. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendant pursuant to 15 U.S.C. § 1681n and § 1681o.

### COUNT THREE: VIOLATION(S) OF D.C. Code § 28-3904
(as to defendants AWL, Lendumo and MaxLend)

42. Plaintiff incorporates paragraphs 1 through 41.

43. Defendants or their agents falsely represented in their communications with Plaintiff that they would not disclose his credit inquiry or make available to other third parties.

44. Plaintiff believed Defendants' representation because he was not aware that they were not trustworthy and was not aware that such misrepresentations were occurring in the market.

45. Relying on Defendants' false representations, Plaintiff submitted an application for credit to the Defendants.

5

46. Had Plaintiff known that Defendants would make the credit inquiry available for other third parties to see, the Plaintiff would not have submitted an application.

47. Defendants' foregoing illegal actions violated D.C. Code §§28-3904(e) and (f) by misrepresenting material facts that have a tendency to mislead and failing to state material facts of which such failure tended to mislead.

48. As a result of the aforesaid violations, Defendants are liable for: treble damages, or $1,500 per violation pursuant to § 28-3905(k)(2)(A); punitive damages pursuant to § 28-3905(k)(2)(C); and any reasonable attorney fees pursuant to §28-3905(k)(2)(B).

### COUNT FOUR: VIOLATION(S) OF 15 U.S.C. § 1691(d)
(as to defendants AWL, Lendumo and MaxLend)

49. Plaintiff incorporates paragraphs 1 through 48.

50. Defendants violated 15 U.S.C. § 1691(d)(3) by failing to provide specific reasons for denying Plaintiff's application(s) for credit.

51. Defendants' violation was willful for they knew it was required to timely provide the reasons for denying Plaintiff's credit application(s).

52. As a result of the above ECOA violations, the Plaintiff suffered emotional distress.

53. As a result of the above alleged ECOA violations, Defendants are liable to the Plaintiff for actual damages pursuant to 15 U.S.C. § 1691(e)(a), for punitive damages pursuant to 15 U.S.C. §1691e(b) and for attorneys' fees and costs pursuant to 15 U.S.C. §1691(e)(d).

**WHEREFORE**, your Plaintiff demands judgment for actual, statutory and punitive damages against the Defendants; for his fees and costs; for prejudgment and post-judgment interest; and any other relief deemed appropriate by this Court.

TRIAL BY JURY IS DEMANDED.

Dated: March 3, 2023

Respectfully submitted,

*Thomas Alston*

Thomas J. Alston
Pro Se Plaintiff
10012 Cedarhollow Ln
Largo, MD 20774
Tel: (240) 432-0927
talston@washlegal.com

7