UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

---

THOMAS J. ALSTON,  
    Plaintiff,

vs.

FACTORTRUST, INC.; AWL, INC.;  
NISWI; and MAKES CENTS, INC.;  
    Defendants.

CASE NO. 1:23-cv-00936-TJK

---

**FACTORTRUST, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES**

---

FactorTrust, Inc. ("FactorTrust"), by counsel, responds to Plaintiff's Complaint (the "Complaint") as follows. For the Court's convenience, Plaintiff's allegations are set forth verbatim with FactorTrust's responses immediately following.

**PRELIMINARY STATEMENT**

1. Plaintiff sues the Defendants under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. 1681 et al. and the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691 et al.

**ANSWER:** Factor Trust denies that it violated the FCRA (or any other law). Factor Trust denies that Plaintiff is entitled to any damages, costs, fees, or other relief from or against Factor Trust. Factor Trust states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

## PARTIES TO THIS ACTION

2. The plaintiff lives in the District of Columbia.

**ANSWER:** FactorTrust states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

3. FactorTrust, Inc. ("FactorTrust") is owned by Trans Union and collects loan performance information on nonprime consumers to provide predictive credit data, analytics and risk scoring solutions to short- term lenders, installment lenders, nonprime auto lenders (and leasing companies) and other subprime credit providers.

**ANSWER:** FactorTrust admits that it is owned by Trans Union. Factor Trust states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

4. American Web Loan ("AWL") is in the business of Consumer Finance and is a tribal lending entity wholly owned by the Otoe-Missouria Tribe of Indians, a sovereign nation located within the United States.

**ANSWER:** FactorTrust states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

5. NISWI dba Lendumo ("Lendumo") is a FinTech company that specializes in lending expensive, short-term money to small businesses and an instrumentality of the Lac du Flambeau Bank of Lake Superior Chippewa Indians, a federally recognized sovereign Indian nation.

**ANSWER:** FactorTrust states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

6. Makes Cents, Inc. dba MaxLend ("MaxLend") offers installment loans as an alternative payday solution and an instrumentality of Mandan, Hidatsa, and Arikara Nation, a federally recognized sovereign American Indian tribe.

**ANSWER:** FactorTrust states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

## FACTUAL ALLEGATIONS

7. On February 9, 2023, the Plaintiff was denied a loan from Upgrade, Inc.

**ANSWER:** FactorTrust states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

8. Upgrade, Inc. issued a denial letter that same date and the letter stated Plaintiff's loan was denied due to a high number of recent inquiries on alternative credit file. High number of recent inquiries on alternative credit file.

**ANSWER:** FactorTrust states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

9. The letter further identified FactorTrust as a credit file that Ugrade, *[sic]* Inc. relied upon when it determined that Plaintiff's application would bp denied.

**ANSWER:** FactorTrust states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

10. The next day the Plaintiff requested his credit file from FactorTrust.

**ANSWER:** FactorTrust states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

11. Appearing on the FactorTrust credit file were three inquiries—from AWL on November 25, 2022 and October 28, 2022 and Lendumo and MaxLend on October 28, 2022—that Plaintiff did not authorize.

**ANSWER:** FactorTrust states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

12. Plaintiff did not apply for credit with AWL, and he does not have an account with AWL. Nor is AWL a debt collector that is collecting a debt owed by Plaintiff to some creditor.

**ANSWER:** FactorTrust states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

13. Plaintiff did not apply for credit with Lendumo, and he does not have an account with Lendumo. Nor is Lendumo a debt collector collecting a debt owed by Plaintiff.

**ANSWER:** FactorTrust states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

14. Plaintiff did not apply for credit with MaxLend, and he does not have an account with MaxLend. Nor is MaxLend a debt collector that is collecting a debt owed by Plaintiff to some creditor.

**ANSWER:** FactorTrust states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

15. Additionally, the Plaintiff did not authorize *any* entity that is affiliated with alternative lending options to access Plaintiff's credit file or conduct a credit inquiry that would be visible and/or disclosed to other third parties.

**ANSWER:** FactorTrust states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

16. FactorTrust released Plaintiff's credit report to AWL without requiring AWL to establish that there was a permissible purpose to obtain his credit report.

**ANSWER:** FactorTrust denies the allegations contained in this paragraph.

17. FactorTrust released Plaintiff's credit report to Lendumo without requiring Lendumo to establish that there was a permissible purpose to obtain his credit report.

**ANSWER:** FactorTrust denies the allegations contained in this paragraph.

18. FactorTrust released Plaintiff's credit report to MaxLend without requiring MaxLend to establish that there was a permissible purpose to obtain his credit report.

**ANSWER:** FactorTrust denies the allegations contained in this paragraph.

19. On numerous occasions in the past AWL, Lendumo and MaxLend have requested and obtained credit reports from FactorTrust for impermissible purposes, including but not limited to marketing, research and soliciting.

**ANSWER:** FactorTrust states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

20. FactorTrust knows that AWL, Lendumo and MaxLend have a pattern of requesting credit reports from consumers for purposes not permitted under the FCRA.

**ANSWER:** FactorTrust denies the allegations contained in this paragraph.

21. Plaintiff was not offered a loan by AWL, Lendumo or MaxLend.

**ANSWER:** FactorTrust states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

22. If Plaintiff applied for credit with any of the foregoing defendants, Plaintiff applied on the basis that credit inquiry would not be disclosed to other third parties.

**ANSWER:** FactorTrust states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

23. To the extent AWL, Lendumo or MaxLend received such an application from Plaintiff, they denied Plaintiff's application.

**ANSWER:** FactorTrust states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

24. After denying such credit application(s), the Defendants failed to timely provide a statement of specific reasons for denying him credit and/or failed to disclose Plaintiff's credit score.

**ANSWER:** FactorTrust denies the allegations of this paragraph as they apply to FactorTrust. FactorTrust denies that the remaining statements contained in this paragraph require a response from FactorTrust as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

**COUNT ONE: VIOLATIONS OF 15 U.S.C. § 1681b**
(as to defendants AWL, Lendumo and MaxLend)

25. Plaintiff incorporates paragraphs 1 through 25.

**ANSWER:** FactorTrust reasserts its answers and responses set forth herein.

26. Defendants violated 15 U.S.C. § 1681b(f) by obtaining Plaintiff's consumer report(s) for a purpose that is not authorized or permitted under the FCRA.

**ANSWER:** FactorTrust denies the allegations of this paragraph as they apply to FactorTrust. FactorTrust denies that the remaining statements contained in this paragraph require a response from FactorTrust as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

27. Defendants violated 15 U.S.C. § 1681b(q) by falsely representing its true purpose for obtaining Plaintiff's consumer report(s).

**ANSWER:** FactorTrust denies the allegations of this paragraph as they apply to FactorTrust. FactorTrust denies that the remaining statements contained in this paragraph require a response from FactorTrust as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

28. Defendants' actions were intentional or reckless, both which amount to a willful violation, rendering Defendants liable pursuant to 15 U.S.C. § 1681n. Alternatively, Defendants were negligent, which entitled Plaintiff to recover under 15 U.S.C. § 1681o.

**ANSWER:** FactorTrust denies the allegations of this paragraph as they apply to FactorTrust. FactorTrust denies that the remaining statements contained in this paragraph require a response from FactorTrust as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

29. As a result of Defendants' violations, Plaintiff suffered actual damages, including but not limited to: intrusion of privacy, damage to credit profile and financial reputation, and the attendant mental anguish and emotional distress of dealing with damaged credit.

**ANSWER:** FactorTrust denies the allegations of this paragraph as they apply to FactorTrust. FactorTrust denies that the remaining statements contained in this paragraph require a response from FactorTrust as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

30. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendant pursuant to 15 U.S.C. §§ 1681n and 1681o.

**ANSWER:** FactorTrust denies that Plaintiff is entitled to any damages, costs, fees, or other relief from or against FactorTrust.

**COUNT TWO: VIOLATION OF 15 U.S.C. § 1681e(a)**
(as to defendant FactorTrust)

31. Plaintiff incorporates paragraphs 1 through 30.

**ANSWER:** FactorTrust reasserts its answers and responses set forth herein.

32. Plaintiff does not have any unpaid debts that are in collection status.

**ANSWER:** FactorTrust states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

33. FactorTrust released Plaintiff's report to AWL, Lendumo and MaxLend.

**ANSWER:** Factor Trust states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

34. AWL, Lendumo and MaxLend had no legitimate reasons to obtain Plaintiff's report.

**ANSWER:** FactorTrust states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

35. FactorTrust released Plaintiff's report despite knowing that AWL, Lendumo and MaxLend did not have a legitimate reason to obtain Plaintiff's credit report.

**ANSWER:** FactorTrust denies the allegations contained in this paragraph.

36. Further, FactorTrust did not require AWL, Lendumo and MaxLend to certify that they had a permissible purpose to obtain Plaintiff's report before releasing the reports.

**ANSWER:** FactorTrust denies the allegations contained in this paragraph.

37. Upon information and belief, FactorTrust does not require its subscribers to certify their reasons to seek consumer credit reports or FactorTrust requires a one-time blanket certification that is often several years old, and that Defendant knows, or has reason to suspect, the certification does not represent the subscribers true and current reason for requesting the consumer's report.

**ANSWER:** FactorTrust denies the allegations contained in this paragraph.

38. Defendant FactorTrust violated § 1681e(a) by failing to maintain reasonable procedures designed to avoid furnishing Plaintiff's credit report to AWL, Lendumo and MaxLend for an impermissible purpose.

**ANSWER:** FactorTrust denies the allegations contained in this paragraph.

39. As a result of Defendant's violations of § 1681e(a), Plaintiff suffered actual damages, including but not limited to: pecuniary costs, mental anguish and emotional distress.

**ANSWER:** Factor Trust denies the allegations contained in this paragraph.

40. The violation by Defendant was willful, rendering Defendant liable for punitive damages pursuant to 15 U.S.C. § 1681n. In the alternative, Defendant was negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

**ANSWER:** FactorTrust denies the allegations contained in this paragraph.

41. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendant pursuant to 15 U.S.C. § 1681n and § 1681o.

**ANSWER:** FactorTrust denies that Plaintiff is entitled to any damages, costs, fees, or other relief from or against FactorTrust.

### COUNT THREE: VIOLATION(S) OF D.C. Code S 28-3904
(as to defendants AWL, Lendumo and MaxLend)

42. Plaintiff incorporates paragraphs 1 through 41.

**ANSWER:** FactorTrust reasserts its answers and responses set forth herein.

43. Defendants or their agents falsely represented in their communications with Plaintiff that they would not disclose his credit inquiry or make available to other third parties.

**ANSWER:** FactorTrust denies the allegations of this paragraph as they apply to FactorTrust. FactorTrust denies that the remaining statements contained in this paragraph require a response from FactorTrust as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

44. Plaintiff believed Defendants' representation because he was not aware that they were not trustworthy and was not aware that such misrepresentations were occurring in the market.

**ANSWER:** FactorTrust denies the allegations of this paragraph as they apply to FactorTrust. FactorTrust denies that the remaining statements contained in this paragraph require a response from FactorTrust as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

45. Relying on Defendants' false representations, Plaintiff submitted an application for credit to the Defendants.

**ANSWER:** FactorTrust denies the allegations of this paragraph as they apply to FactorTrust. FactorTrust denies that the remaining statements contained in this paragraph require a response from FactorTrust as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

46. Had Plaintiff known that Defendants would make the credit inquiry available for other third parties to see, the Plaintiff would not have submitted an application.

**ANSWER:** FactorTrust denies the allegations of this paragraph as they apply to FactorTrust. FactorTrust denies that the remaining statements contained in this paragraph require a response from FactorTrust as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

47. Defendants' foregoing illegal actions violated D.C. Code §§28-3904(e) and (f) by misrepresenting material facts that have a tendency to mislead and failing to state material facts of which such failure tended to mislead.

**ANSWER:** FactorTrust denies the allegations of this paragraph as they apply to FactorTrust. FactorTrust denies that the remaining statements contained in this paragraph require a response from FactorTrust as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

48. As a result of the aforesaid violations, Defendants are liable for: treble damages, or $1,500 per violation pursuant to § 28-3905(k)(2)(A); punitive damages pursuant to § 28-3905(k)(2)(C); and any reasonable attorney fees pursuant to §28-3905(k)(2)(B).

**ANSWER:** FactorTrust denies the allegations of this paragraph as they apply to FactorTrust. FactorTrust denies that the remaining statements contained in this paragraph require

a response from FactorTrust as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

**COUNT FOUR: VIOLATION(S) OF 15 U.S.C. § 1691fd)**
(as to defendants AWL, Lendumo and MaxLend)

49.     Plaintiff incorporates paragraphs 1 through 48.

**ANSWER:**     FactorTrust reasserts its answers and responses set forth herein.

50.     Defendants violated 15 U.S.C. § 1691(d)(3) by failing to provide specific reasons for denying Plaintiff's application(s) for credit.

**ANSWER:**     FactorTrust denies the allegations of this paragraph as they apply to FactorTrust.  FactorTrust denies that the remaining statements contained in this paragraph require a response from FactorTrust as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

51.     Defendants' violation was willful for they knew it was required to timely provide the reasons for denying Plaintiff's credit application(s).

**ANSWER:**     FactorTrust denies the allegations of this paragraph as they apply to FactorTrust.  FactorTrust denies that the remaining statements contained in this paragraph require a response from FactorTrust as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

52.     As a result of the above ECOA violations, the Plaintiff suffered emotional distress.

**ANSWER:**     FactorTrust states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

53.     As a result of the above alleged ECOA violations, Defendants are liable to the Plaintiff for actual damages pursuant to 15 U.S.C. § 1691(e)(a), for punitive damages pursuant to 15 U.S.C. §1691e(b) and for attorneys' fees and costs pursuant to 15 U.S.C. §1691(e)(d).

**ANSWER:**    FactorTrust denies that Plaintiff is entitled to any damages, costs, fees, or other relief from or against FactorTrust.  FactorTrust denies the allegations of this paragraph as they apply to FactorTrust.  FactorTrust denies that the remaining statements contained in this paragraph require a response from FactorTrust as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

**WHEREFORE,** your Plaintiff demands judgment for actual, statutory and punitive damages against the Defendants; for his fees and costs; for prejudgment and post-judgment interest; and any other relief deemed appropriate by this Court.

**ANSWER:**    FactorTrust denies that Plaintiff is entitled to any damages, costs, fees, or other relief from or against FactorTrust.

TRIAL BY JURY IS DEMANDED.

**ANSWER:**    FactorTrust denies that the statements contained in this paragraph require a response from FactorTrust.

## AFFIRMATIVE DEFENSES

1.      Plaintiff has failed to state a claim against FactorTrust, Inc. upon which relief may be granted.

2.      FactorTrust, Inc.'s reports concerning Plaintiff were true or substantially true.

3.      FactorTrust, Inc. has at all times followed reasonable procedures to assure maximum possible accuracy of its credit reports concerning Plaintiff.

4. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

5. Plaintiff's claims are barred, in whole or in part, by 15 U.S.C. §§ 1681h(e) and/or 1681t.

6. At all relevant times, FactorTrust, Inc. acted within the absolute and qualified privileges afforded it under the FCRA, the United States Constitution, applicable State Constitutions and the common law.

7. Plaintiff's claims are barred, in whole, or in part, by the equitable theories of estoppel, waiver and laches.

8. Plaintiff has failed to take reasonable steps to mitigate his damages, if any.

9. Plaintiff's damages are the result of acts or omissions committed by Plaintiff.

10. Plaintiff's damages are the result of acts or omissions committed by the other parties over whom FactorTrust, Inc. has no responsibility or control.

11. Plaintiff's damages are the result of acts or omissions committed by non-parties to this action over whom FactorTrust, Inc. has no responsibility or control.

12. Any claim for exemplary or punitive damages asserted by Plaintiff violates FactorTrust, Inc.'s rights under the Due Process and Excessive Fines clauses of the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and the analogous provisions of applicable State Constitutions and under the First Amendment of the United States Constitution and the analogous provisions of applicable State Constitutions.

13. FactorTrust, Inc. reserves the right to assert additional defenses as may become apparent through additional investigation and discovery.

WHEREFORE, Defendant FactorTrust, Inc., LLC, by counsel, denies that Plaintiff is entitled to judgment or to any of the relief sought, and respectfully requests that judgment be entered in its favor and against Plaintiff on all counts set forth in the Complaint, and that FactorTrust, Inc., LLC, be awarded its costs incurred in defending this action, along with such other relief as this Court deems equitable and just.

Respectfully submitted,

*/s/ Evan R. Rutter*
Evan R. Rutter, Esq. (IN #35748-49)
 (admitted *Pro Hac Vice*)
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN  46077
Telephone:  (317) 363-2400, Ext. 135
Fax:  (317) 363-2257
E-Mail:  erutter@schuckitlaw.com

*Counsel for Defendant FactorTrust, Inc.*

Regine Francois, Esq. (DC Bar ID #982637)
Francois Legal Group, LLC
9701 Apollo Drive, Ste. 301
Largo, MD  20774
Telephone:  (301) 358-0377
E-Mail:  rfrancois@flegalgroup.com

*Local Counsel for Defendant FactorTrust, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing has been filed electronically on the **12th day of April, 2023**. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic filing.

| None. | |
|---|---|

The undersigned further certifies that a true copy of the foregoing was served on the following parties via First Class, U.S. Mail, postage prepaid, on the **12th day of April, 2023**, properly addressed as follows:

| **Pro Se Plaintiff**<br>Thomas J. Alston<br>10012 Cedarhollow Lane<br>Largo, MD 20774 | |
|---|---|

                                                      */s/ Evan R. Rutter*
Evan R. Rutter, Esq. (IN #35748-49)
 (admitted *Pro Hac Vice*)
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN  46077
Telephone:  (317) 363-2400, Ext. 135
Fax:  (317) 363-2257
E-Mail:  erutter@schuckitlaw.com

*Counsel for Defendant FactorTrust, Inc.*